ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 25 2004
U.S. COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS & NETWORKS CORPORATION, )
Plaintiff, )
v. ) Case No. 04-481C
THE UNITED STATES )
Defendant. )

**COMPLAINT**

Plaintiff, Information Systems & Networks Corporation ("plaintiff" or "ISN"), by its undersigned attorneys, as and for its Complaint, alleges as follows, based on personal knowledge as to its own actions as verified by its President and CEO, and upon information and belief as to the actions of others. For those matters alleged based on ISN's information and belief, such matters are based upon, among other things, the investigation of ISN's attorneys, publicly available documents, and other documents presently available to ISN and its attorneys.

**Nature of Action**

1. This is a consolidated action that combines various causes of action arising out of 23 separate contracts between ISN and the defendant. All of the

separate causes of action have been combined in the interest of substantial justice. Each count of this Complaint constitutes a separate cause of action arising out of each of the 23 contracts. Each cause of action relies on identical authority for venue and jurisdiction. The plaintiff and defendant are identical for each cause of action.

2. ISN brings this action to appeal various contract claims submitted to the cognizant Administrative Contracting Officer ("ACO") on June 27, 2002, pursuant to the Contracts Disputes Act of 1978, 41 U.S.C.§ 601 et. seq., as amended ("CDA")("the CDA Claim"). The CDA Claim sought amounts due ISN from twenty-three (23) contracts pursuant to which the defendant had been previously invoiced. The invoices billed the defendant for various items, inter alia, outstanding contract fees, amounts due within contract ceilings including retainages, and amounts due based on costs incurred over contract ceilings directly caused by defendant's actions. The genesis of all of ISN's contract claims, as set forth in the CDA Claim, was the refusal of the defendant to negotiate in good faith and agree with ISN on final overhead rates. If such agreement had been reached, ISN would have properly invoiced the

contracts earlier and, with respect to contract ceilings, ISN would have billed within the ceilings.

3. As explained in the CDA Claim, ISN, like similarly-situated contractors, was required, within 90 days after expiration of its fiscal year, to submit to the cognizant Contracting Officer as well as the audit agency, an incurred cost submission for final overhead rates based upon actual incurred costs. A final overhead rate is generally computed as a percentage or dollar factor that expresses the ratios of indirect expenses incurred in the period to direct labor, total cost input, or some other appropriate base of the same period. Final overhead rates are necessary to determine the costs incurred under cost reimbursement type contracts as well as incentive and fixed-priced redeterminable type contracts. Final overhead rates also apply to any other contracts that require settlement of indirect costs prior to establishing a final contract price.

4. ISN submitted such proposals in a timely manner but the defendant consistently refused to settle certain issues concerning ISN's costs which then obstructed agreement on final overhead rates. In fact, with the exception of fiscal year 1996 and 1997, ISN's indirect cost

rates have not been settled for 17 years (for FY 1985 - 1995, 1998-2003).

5. Section 6(c)(2) of the CDA requires that the cognizant Contracting Officer, within 60 days of receipt of a claim, issue a final decision or notify the contractor when a final decision is expected to be issued. The Contracting Officer must issue a final decision within a reasonable time, considering the size of the claim, its complexity, and the adequacy of the documentation in support of the claim. Failure to issue a final decision within either 60 days, or a reasonable time, constitutes the deemed denial of the claim. To date, the ACO has failed to issue a final decision on the CDA Claim. Almost 22 months have expired since the receipt of the CDA Claim by the ACO. The ACO has neither informed ISN as to when a final decision will be issued, or issued a final decision. Accordingly, the CDA Claim is deemed denied.

**Background**

6. This action seeks amounts owed by the defendant to ISN under 23 cost reimbursement contracts. A list of the 23 contracts is attached to this Complaint as Exhibit A and incorporated by reference as if fully and specifically set forth herein. The amounts were compiled with data from

the Defense Contract Audit Agency ("DCAA") audit reports, DCAA Form 1s, Indirect Rate Cost Submissions and the records of ISN. ISN's indirect cost rates that were used to calculate the costs claimed by ISN herein comply with the requirements of the Federal Acquisition Regulations ("FAR"). The indirect cost rates exclude excess executive compensation which has been disallowed by final decision of the Armed Services Board of Contract Appeal, as well as state income taxes. The cost issue of state income tax is the subject of separate claims by ISN in the case of *Information Systems & Networks Corporation* v. *The United States*, *No. 98-663C, United States Court of Federal Claims.* The claims asserted herein are unrelated to any other claim previously or currently filed by ISN in this Court or in any other judicial or administrative proceeding.

**Jurisdiction**

7. This Court has jurisdiction in that the present causes of action are derived from the deemed denied decision by the ACO of ISN's CDA Claim. Thus, jurisdiction lies in this Court pursuant to 28 U.S.C. §1491 (a)(1)(2), the Contract Disputes Act of 1978 (as amended) 41 U.S.C. §601-613, as well as FAR 52.216-1, et.seq. The cognizant ACO has failed to issue a final decision within either the

prescribed time period or any other reasonable time period, and thus ISN's CDA Claim is deemed denied. Regarding Count III herein, this Court has jurisdiction to render judgment on nonmonetary claims brought pursuant to the Tucker Act, 28 U.S.C.§1491(a)(2)(1994) on claims brought in this Court under Section 10(a)(1) of the CDA, based on either the denial of the contractor's claim or deemed denial under Section 6 of the CDA. Count III of this Complaint (seeking declaratory judgment) appeals the deemed denial of ISN's CDA Claim regarding five issues which the defendant has refused to resolve and is within this Court's jurisdiction over "non-monetary claims." This Claim seeks a judgment on a contractual matter which involves the defendant and the underlying action is for monetary damages.

**The Parties**

8. The plaintiff is a small, minority-owned business, incorporated under the laws of the State of Maryland having its corporate headquarters at 10411 Motor City Drive, Bethesda, MD 20817. ISN is an experienced company in the field of computer/telecommunications/ security systems integration engineering, and has been since its inception in 1980. Until recently, it provided services and supplies to the various agencies of the

Department of Defense and the United States Government as well as to commercial clients.

9. Defendant is the Government of the United States of America, acting by and through its designated ACO and other authorized representatives, including but not limited to, the Defense Contract Management Agency, the Defense Logistics Agency, and the DCAA.

**Factual Allegations**

10. Attached as Exhibits B and C are schedules setting forth the amounts owed ISN on each of its cost-type contracts. The claims hereinafter asserted are for the payment of each amount owed under each of the subject contracts. The defendant has failed to resolve outstanding contractual issues with ISN and pay these amounts. Such failures constitute a breach of contract under each of the subject contracts. Each of the amounts claimed should have been paid within a reasonable time but were not, thereby entitling ISN to Prompt Payment Act interest.

11. Historically, ISN accepted and adjusted its indirect cost rate for all DCAA findings except for the following:

a) Cost of Ownership: DCAA refused to include all costs of ownership of the building which houses ISN's

principal offices, understated the amount of square footage used, and calculated a cost of occupied square footage instead of the cost of ownership.

b) Cost of Bonuses: DCAA uniformly disallowed bonuses on an accrual basis for years where the amounts were actually paid in a fiscal year.

c) Cost of Pension: DCAA claimed that ISN was in violation of FAR 31.205 - 6(j)(2)(i).

d) Cost of Ownership (Equipment Rental): The ACO had previously determined that an affiliate organization of ISN was a business that had an established practice of leasing equipment to unaffiliated lessees at the time the leases were made with ISN.

e) Corporate and B&P Allocations: There was a consistent issue between DCAA and ISN regarding DCAA's allocation method for B&P costs and overhead pools.

12. ISN attempted in good faith to resolve these five issues, and submitted proposals for final indirect cost rates in a timely manner. DCAA failed to agree upon, as did the cognizant ACO, final indirect rates which would have allowed ISN to timely invoice contract fees, retainages, and final costs incurred. However, the defendant consistently represented to ISN that final rates

would be agreed to in a timely manner. As a result, ISN was encouraged to utilize estimated indirect cost rates which, although approved by the cognizant ACO, caused it to incur costs on certain contracts above ceiling.

13. The defendant failed to issue required Form 1s to ISN regarding the five issues in dispute in the settlement of final indirect rates in a timely manner, some Form 1s being issued as late as May, 2000. Prior to that time, the defendant either failed to act in good faith with respect to resolving the various issues or intentionally refused to resolve the various issues. The result of this conduct caused the rates to remain open, thereby preventing ISN from billing and closing out the contracts which are the subject of this case. As a result, any applicable statute of limitations was tolled by the conduct of the defendant at least until the issuance of the Form 1s in May, 2000 and the filing of the CDA Claim. Attached as Exhibit D is a schedule of the issuance of Form 1's.

## COUNT I

**(For Breach of Contract for Failure to Pay Invoiced Amounts Within Contract Ceilings)**

14. ISN repeats and realleges paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Attached hereto and previously incorporated by reference as Exhibit A is a schedule of 23 open ISN contracts performed during the period FY 1985 to 1996 ("the Contracts"). Attached as Exhibits B and C ("the Exhibits") hereto and incorporated by reference are schedules setting forth amounts due by contract. Specifically, the Exhibits set forth a schedule of the fees on each contract due and owing as well as the amounts due under each contract within the contract ceiling, including retainages.

16. Total fees owed on 17 of the Contracts are at least $494,000. Total amounts due ISN for costs incurred within contract ceilings including retainages totals at least $2,203,000.

17. ISN is entitled to judgment against the defendant for the total amount of fees owed on 17 of the Contracts of $494,000, and for the amounts owed within contract ceilings including retainages of at least $2,203,000.

18. The total amount owed by the defendant to ISN within contract ceilings, excluding all interest, is at least $2,697,000.

**COUNT II**

**(For Breach of Contract For Costs Incurred Above Contract Ceilings)**

19. ISN repeats and realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The Exhibits set forth the costs incurred by ISN over contract ceilings due to ISN having to use interim indirect rates approved by the defendant.

21. ISN has incurred costs above contract ceilings in the sum of at least $2,500,000. ISN is entitled to judgment against the defendant in the sum of at least $2,500,000, excluding all interest, for costs incurred above contract ceilings.

**COUNT III**

**(For Loss of Profit From Withheld Follow-On Contracts)**

22. ISN repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Of the 23 contracts which are the subject of this Complaint, at least five contracts contained options or

follow-ons which the defendant did not exercise in favor of ISN because of ISN not having final indirect rates.

24. The follow-on contract to Contract No. F19628-82-C-0108 was not awarded to ISN. As a result, ISN lost profit of at least $1,000,000 on the follow-on portion of this Contract. ISN was not awarded the follow-on to Contract No. MDA903-84-C-022. As a result, ISN lost at least $1,000,000 in profit on the follow-on portion of this Contract. ISN was not awarded the follow-on to Contract No. F19628-85-C-0035. As a result, ISN lost at least $250,000 of profit on the follow-on portion of this Contract. ISN was not awarded the follow-on to Contract No. 5C-Y-EIR-0028. As a result, ISN lost at least $1,000,000 in profit on the follow-on portion of this Contract. ISN was not awarded the follow-on to Contract No. DTFA01-85-Y-01018. As a result, ISN lost profit of at least $1,000,000 on the follow-on portion of this Contract.

25. ISN lost at least $5,000,000 of profit from the failure of the defendant to award ISN the follow-on portions of at least five of the 23 contracts which are the subject of this Complaint because of the breach of each contract by the defendant as heretofore outlined in this Complaint.

26. Upon information and belief, there are other contracts in the Schedule of 23, in addition to those outlined in paragraph 24 herein, where follow-ons were not awarded to ISN. ISN reserves the right to amend this Count when information is obtained supporting the amendment.

27. ISN seeks judgment against the defendant in an amount no less than $5,000,000 for loss of profit along with appropriate CDA interest in amounts to be determined at trial.

**COUNT IV**

**(For Unabsorbed Overhead on the Loss of the Follow-On Contracts)**

28. ISN repeats and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The follow-on contracts, which were not awarded to ISN as set forth in Count III herein as a result of ISN not having agreed upon final indirect rates because of the conduct of the defendant, would have absorbed a certain amount of ISN's overhead in the performance of these contracts.

30. As a result of the loss of these follow-on contracts and the revenue thereon estimated to exceed $20,000,000, a certain portion of ISN's G&A overhead would

have been absorbed by such revenue. As a result of the loss of the revenue, the unabsorbed overhead was required to be absorbed by other ISN contracts, thereby reducing the profit margin on such contracts to ISN's detriment.

31. ISN lost in excess of $1,000,000 on its unabsorbed overhead due to the loss of the follow-on contracts as set forth in Count III.

32. ISN seeks judgment against the defendant in an amount no less than $1,000,000 for loss of unabsorbed overhead along with appropriate CDA interest in the amounts to be determined at trial.

**COUNT V**

**(For Declaratory Judgment on All Outstanding Contractual Issues to Establish Final Rates)**

33. ISN repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. In FY 2000 the defendant issued Form 1s on five issues preventing the finalization of ISN's indirect cost rates:

(a) Cost of ownership;

(b) Cost of bonuses;

(c) Cost of pension;

(d) Cost of ownership - equipment rentals; and

(e) Corporate and B&P cost allocations.

35. ISN is entitled to declaratory judgment relief on each of these five issues as follows:

a) As to cost of ownership, ISN's calculations submitted to the defendant properly set forth the cost of owning the building including the amount of square footage used and the cost of occupied square footage;

b) As to cost of bonuses, all bonuses claimed by ISN have been paid, therefore, rendering irrelevant DCAA's claim that bonuses should be disallowed because they were submitted on an accrual basis;

c) As to cost of pension, ISN has satisfied the requirements of FAR 31.205-6(j)(2)(i);

d) As to cost of ownership-equipment rental, ISN has complied with FAR 31.205-36(b)(1) in that the rental charges were reasonably based upon competition, market conditions and other options available to ISN;

e) As to corporate and B&P cost allocations, that ISN's methodology in allocating B&P costs is proper, reasonable and fair and that ISN's reduction of the G&A pool by the corporate allocation and the increase of the G&A pool by the B&P expense is appropriate.

36. That ISN is entitled to a declaratory judgment with respect to the five issues noted herein, resolving each of the aforementioned five issues in ISN's favor, and further directing defendant pursuant to declaratory judgment that ISN is entitled to final rate approvals for FY 1985-1996.

**COUNT VI**

**(Prompt Payment Act and CDA Interest Claims)**

37. ISN repeats and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. ISN has invoiced the defendant for all claims set forth in Counts I and II herein. Such invoices were properly submitted to the cognizant agency and contained or were accompanied by substantiating documentation. The defendant failed to pay and/or withheld payment on the ISN invoices.

39. All the invoices submitted by ISN to the defendant for the claims set forth in Counts I and II herein apply to contracts for the procurement of property or services entered into for the benefit of the defendant.

40. As a result of the failure of the defendant to pay the invoices in accordance with the law, defendant is obligated to ISN for interest penalties pursuant to 31

U.S.C. §3907 for a period of one year after the invoice was due to be paid by the defendant, and an additional interest penalty thereafter until the filing of ISN's CDA Claim.

41. ISN is entitled to CDA interest on the amounts set forth in Counts I and II of this Complaint from June 26, 2000 to when paid at the allowable CDA interest rate.

42. ISN seeks judgment against the defendant in the amount of all interest penalties for late payment of interim and final payments due under its government service contracts as well as CDA interest in amounts to be determined at trial.

**COUNT VII**

**(Equal Access to Justice Act Claim)**

43. ISN repeats and realleges paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Pursuant to the Equal Access to Justice Act ("EAJA"), in the event ISN is the "prevailing party" in this case, it is entitled to its reasonable attorney's fees and expenses (in-house as well as outside counsel) incurred by ISN during this proceeding unless the position of the defendant is found to be "substantially justified."

45. Alternatively, even if a determination is made that the defendant's position was "substantially

justified," this case establishes a substantial benefit for other contractors who have not had final rates decided by the defendant in a reasonable and timely fashion. As a result, ISN is entitled to recovery for reasonable attorneys fees and expenses incurred in this case.

46. ISN seeks judgment for its reasonable attorney's fees and expenses incurred in this case in an amount to be determined by appropriate petition at the conclusion of this case.

WHEREFORE, the premises considered, plaintiff, Information Systems and Networks Corporation, respectfully demands judgment against the defendant, as follows:

A. On Count I, for unpaid contract fee and amounts due within contract ceilings including retainages in an amount not less than $2,697,000;

B. On Count II, for ISN's costs over contract ceiling in an amount no less than $2,500,000;

C. On Count III, for ISN's loss of profit in an amount no less than $5,000,000;

D. On Count IV, for loss of unabsorbed overhead in an amount no less than $1,000,000;

E. On Count V, for a declaration that the five designated issues are finally and fully resolved and that ISN's final rates shall be established for FY 1985 - 1996;

F. On Count VI, for appropriate Prompt Payment Act and CDA interest based upon proof at trial;

G. On Count VII, for attorneys fees, costs, and expenses in amount to be determined by petition at the conclusion of this case;

H. For such other and further relief as this Court may deem proper.

Dated: March 24, 2004

SINGER & ASSOCIATES, PC

NORMAN H. SINGER, ESQUIRE
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
T. (301) 469-0400
F. (301) 469-0403

Counsel for the Plaintiff

VERIFICATION

I, Roma Malkani, under the penalty of perjury, hereby state the following:

1. I am the President and Chief Executive Officer of Plaintiff, Information Systems & Networks Corporation ("ISN"). I have served in that position since 1980.
2. I am familiar with ISN's books and records of accounts as well as its various contracts.
3. Pursuant to my direction, ISN's accounting department reviewed each of the 23 contracts which is the subject of this Complaint and prepared Exhibits B and C in accordance with ISN's supporting data and records.
4. The claims set forth in the Complaint are based upon the 23 contracts and ISN's supporting data and are accurate and complete to the best of my knowledge and belief. The amounts demanded in the Complaint accurately reflect contract amounts due and owing ISN and to which the Government is liable.

Under the penalty of perjury
March 24, 2004

R. Malkani

ROMA MALKANI

EXHIBIT

A

LIST OF CONTRACTS

F19628-82-C-0108

NAS5-27486

MDA903-93-D-1504

MDA903-84-C-0222

DAAK20-84-C0149

N68335-84-D-0903

DASG60-85-C-0035

1026-47-0330

1026-485009

F19628-85-C-0035

503BNBSC3513

5C-Y-EIR-0028

DTFA01-85-Y-01018

85-C-00150

N00024-85-C-0010

DAAH00-85-C-0010

NASW-4164

MDA903-87-C-0004

SEC-87-0008

N66604-87-D-0098

MDA903-88-C0702

273-91-C-0005

DAAK70-83-C-0145 ("the Contracts")

EXHIBIT B

Schedule of Open ISN Contracts,
Fiscal Years 1985 to 1996

| ISN PROJ NO | FEDERAL GOVERNMENT CONTRACT NUMBER | CONTRACT COST LIMITATION (1) | ISN COST INCURRED BASED ON ACTUAL RATES | COST BILLED BASED ON INTERIM INDIRECT RATES (1) | AMOUNTS WITHHELD FOR DCAA FORM 1's (1) | GOVERNMENT RETENTION ON INVOICES (1) | ISN COST PAID BY FEDERAL GOVERNMENT* | COST TO CONTRACT CEILING OWED TO ISN WITHOUT FEE |
|---|---|---|---|---|---|---|---|---|
| | CPFF<br>COLUMN REFERENCE: | A | B | C | D | E | F | G |
| | COLUMN FORMULA: | | | | | | C-D-E | A-F (B-F WHEN COST IS LESS THAN CEILING) |
| **1017** | **F19628-82-C-0108** | $ 1,280,078.02 | $ 1,283,871.75 | $1,277,449.11 | $113.00 | $ 600.52 | $1,276,735.59 | $3,342.43 |
| 1028 | NAS5-27486 | $ 2,354,825.08 | $ 2,157,134.28 | $2,146,838.59 | $26,126.00 | $ 10,056.00 | $2,110,656.59 | $46,477.69 |
| 1047 | MDA903-83-D-1504 | $ 2,753,220.87 | $ 2,751,208.41 | $2,630,704.47 | $17,572.00 | $ 6,518.00 | $2,606,614.47 | $120,503.94 |
| 1058 | MDA903-84-C-0222 | $2,454,733.16 | $ 2,310,343.84 | $2,360,320.35 | $51,222.00 | $ 44,168.00 | $2,264,930.35 | $45,413.49 |
| **1061** | **DAAK20-84-C-0149** | $ 74,594.82 | $ 139,475.31 | $67,813.47 | | | $67,813.47 | $6,781.35 |
| 1062 | N68335-84-D-0903 | $ 76,880.00 | $ 162,894.39 | $52,264.21 | $1,068.00 | $ 8,394.00 | $42,802.21 | $34,077.79 |
| 1064 | DASG60-85-C-0035 | $ 54,372.36 | $ 82,919.73 | $53,834.02 | | | $53,834.02 | $538.34 |
| 1072 | 1026-47-0330 | $ 3,468,324.21 | $ 3,483,578.83 | $3,433,984.37 | | | $3,433,984.37 | $49,594.46 |
| 1074 | 1026-485009 | $ 145,751.15 | $ 282,478.53 | $144,308.07 | | | $144,308.07 | $1,443.08 |
| **1077** | **F19628-85-C-0043** | $ 457,682.43 | $ 587,597.28 | $453,150.92 | $3,504.00 | $ 1,974.00 | $447,672.92 | $10,009.51 |
| 1079 | 503BNBSC3513 | $ 1,856,911.00 | $ 2,197,308.30 | $1,740,379.66 | | | $1,740,379.66 | $116,531.34 |
| 1083 | 5C-Y-EIR-0028 | $ 6,602,341.43 | $ 6,690,668.27 | $6,472,883.75 | $15,360.00 | $ 61,658.00 | $6,395,865.75 | $206,475.68 |
| 1088 | DTFA01-85-Y-01018 | $ 825,238.00 | $ 884,386.17 | $819,237.86 | $9,086.00 | | $810,151.86 | $15,086.14 |
| 1091 | 85-C-00150 | $ 140,616.99 | $ 154,406.20 | $127,833.63 | | | $127,833.63 | $12,783.36 |
| **1093** | **N00024-85-C-6528** | $ 2,512,790.92 | $ 2,639,456.70 | $2,475,656.08 | $21,943.00 | $ - | $2,453,713.08 | $59,077.84 |
| **1102** | **DAAH00-85-C-0010** | $ 2,754,716.50 | $ 2,905,074.53 | $2,754,356.47 | $23,949.00 | $ 7,694.00 | $2,722,713.47 | $32,003.03 |
| 1125 | NASW-4164 | $ 4,686,804.00 | $ 2,902,479.06 | $2,681,657.40 | | | $2,681,657.40 | $220,821.66 |
| **1159** | **MDA903-87-C-0004** | $ 1,493,504.26 | $ 1,578,187.02 | $1,457,077.33 | $10,762.00 | | $1,446,315.33 | $47,188.93 |
| 1175 | SEC-87-0008 | $ 203,000.00 | $ 204,564.62 | $188,644.00 | | | $188,644.00 | $14,356.00 |
| **1179** | **N66604-87-D-0098** | $ 5,456,798.00 | $ 5,661,546.44 | $5,406,196.88 | $82,843.00 | | $5,323,353.88 | $133,444.12 |
| **1184** | **MDA903-88-C-0702** | $ 2,457,059.00 | $ 2,662,131.86 | $2,334,235.94 | $22,484.00 | | $2,311,751.94 | $145,307.06 |
| 1291 | 273-91-C-0005 | $ 8,434,555.99 | $ 8,284,383.80 | $8,269,172.54 | $50,794.00 | | $8,218,378.54 | $216,177.45 |
| **2009** | **DAAK70-83-C-0145** | $ 2,797,794.06 | $ 3,560,628.79 | $2,664,565.77 | $23,374.00 | $ 14,314.00 | $2,626,877.77 | $170,916.29 |
| | TOTAL CPFF | $ 53,342,592.26 | $ 53,566,724.09 | $ 50,012,564.89 | $ 360,200.00 | $ 155,376.52 | $ 49,496,988.37 | $ 1,708,350.98 |

EXHIBIT C

Schedule of Open ISN Contracts
Fiscal Years 1985 to 1996

| ISN PROJ NO | FEDERAL GOVERNMENT CONTRACT NUMBER | COST OVER CONRACT CEILING DUE TO INTERIM INDIRECT COST RATES | TOTAL ISN COST OVER AMOUNT PAID | | TOTAL FEE ON CONTRACT | UNPAID INVOICED FEE | AMOUNT DUE TO ISN WITHIN CONTRACT INCLUDING RETAINED FEE | FISCAL YEARS OF PERFORMANCE | ESTIMATED INTEREST PER FAR PART 32 (3) | TOTAL AMOUNT DUE TO ISN WITH ADJUSTED COST AND INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|
| | CPFF | | | | | | | | | |
| | COLUMN REFERENCE: | H | I | | J | K | L | | M | N |
| | COLUMN FORMULA: | B-A ($0 WHEN COST IS LESS THAN CEILING) | G+H | | | | G+K | | | I+K+M |
| 1017 | F19628-82-C-0108 | $3,793.73 | 7,136.16 | | $ 122,696.98 | $ 17,560.52 | $ 20,902.95 | 1985-1986 | $ 8,779.24 | $ 33,475.92 |
| 1028 | NAS5-27486 | $0.00 | 46,477.69 | | $ 185,056.41 | $ 27,758.41 | $ 74,236.10 | 1984-1988 | $ 31,179.16 | $ 105,415.26 |
| 1047 | MDA903-83-D-1504 | $0.00 | 120,503.94 | | $ 265,259.53 | | $ 120,503.94 | 1984-1990 | $ 50,611.65 | $ 171,115.59 |
| 1058 | MDA903-84-C-0222 | $0.00 | 45,413.49 | | $ 245,623.60 | $ 10,330.70 | $ 55,744.19 | 1984-1985 | $ 23,412.56 | $ 79,156.75 |
| 1061 | DAAK20-84-C-0149 | $64,880.49 | 71,661.84 | | $ 8,237.00 | $ 1,235.56 | $ 8,016.91 | 1984-1986 | $ 3,367.10 | $ 76,264.50 |
| 1062 | N68335-84-D-0903 | $86,014.39 | 120,092.18 | | $ 14,069.80 | $ 520.72 | $ 34,598.51 | 1984-1986 | $ 14,531.37 | $ 135,144.28 |
| 1064 | DASG60-85-C-0035 | $28,547.37 | 29,085.71 | | $ 12,248.00 | $ 6,864.00 | $ 7,402.34 | 1985-1986 | $ 3,108.98 | $ 39,058.69 |
| 1072 | 1026-47-0330 | $15,254.62 | 64,849.08 | | $ 343,398.44 | $ 51,509.77 | $ 101,104.23 | 1984-1987 | $ 42,463.78 | $ 158,822.63 |
| 1074 | 1026-485009 | $136,727.38 | 138,170.46 | | $ 12,268.86 | | $ 1,443.08 | 1985-1986 | $ 606.09 | $ 138,776.56 |
| 1077 | F19628-85-C-0043 | $129,914.85 | 139,924.36 | | $ 32,729.25 | | $ 10,009.51 | 1985-1987 | $ 4,203.99 | $ 144,128.35 |
| 1079 | 503BNBSC3513 | $340,397.30 | 456,928.64 | | $ 159,477.00 | $ 16,685.00 | $ 133,216.34 | 1985-1988 | $ 55,950.86 | $ 529,564.50 |
| 1083 | 5C-Y-EIR-0028 | $88,326.85 | 294,802.52 | | $ 474,551.32 | $ 110,172.00 | $ 316,647.68 | 1985-1990 | $ 132,992.02 | $ 537,966.54 |
| 1088 | DTFA01-85-Y-01018 | $59,148.17 | 74,234.31 | | $ 74,271.31 | | $ 15,086.14 | 1985-1988 | $ 6,336.18 | $ 80,570.49 |
| 1091 | 85-C-00150 | $13,789.20 | 26,572.57 | | $ 15,399.87 | | $ 12,783.36 | 1985-1986 | $ 5,369.01 | $ 31,941.58 |
| 1093 | N00024-85-C-6528 | $126,665.78 | 185,743.62 | | $ 212,922.50 | $ 23,092.45 | $ 82,170.29 | 1985-1990 | $ 34,511.52 | $ 243,347.59 |
| 1102 | DAAH00-85-C-0010 | $150,358.03 | 182,361.06 | | $ 213,421.86 | $ 15,080.36 | $ 47,083.39 | 1985-1990 | $ 19,775.02 | $ 217,216.44 |
| 1125 | NASW-4164 | $0.00 | 220,821.66 | | $ 215,756.00 | $ 32,364.00 | $ 253,185.66 | 1986-1991 | $ 106,337.98 | $ 359,523.64 |
| 1159 | MDA903-87-C-0004 | $84,682.75 | 131,871.69 | | $ 154,080.74 | $ 31,541.19 | $ 78,730.12 | 1987-1990 | $ 33,066.65 | $ 196,479.53 |
| 1175 | SEC-87-0008 | $1,564.62 | 15,920.62 | | $ 15,198.00 | | $ 14,356.00 | 1987-1990 | $ 6,029.52 | $ 21,950.14 |
| 1179 | N66604-87-D-0098 | $204,748.44 | 338,192.56 | | $ 348,284.66 | $ 51,944.87 | $ 185,388.99 | 1988-1993 | $ 55,616.70 | $ 445,754.12 |
| 1184 | MDA903-88-C-0702 | $205,072.86 | 350,379.92 | | $ 197,516.39 | $ 54,909.90 | $ 200,216.96 | 1988-1993 | $ 60,065.09 | $ 465,354.90 |
| 1291 | 273-91-C-0005 | $0.00 | 216,177.45 | | $ 602,722.69 | $ 8,981.55 | $ 225,159.00 | 1991-1996 | $ 54,038.16 | $ 279,197.16 |
| 2009 | DAAK70-83-C-0145 | $762,834.74 | 933,751.02 | | $ 225,399.00 | $ 33,809.85 | $ 204,726.14 | 1984-1989 | $ 85,984.98 | $ 1,053,545.85 |
| | TOTAL CPFF | $ 2,502,721.56 | $ 4,211,072.53 | $ - | $ 4,150,589.21 | $ 494,360.85 | $ 2,202,711.83 | | $ 838,337.63 | $ 5,543,771.02 |

EXHIBIT

D

# Schedule of Form 1 Dates

**Prepared: March 22, 2004**

| **Period of Disapproved Cost** | **Date of Issue** |
|---|---|
| | |
| **Disapproved Costs for FY 1996-2000** | **Date of Issue** |
| No Form 1 issued to date | -- |
| | |
| **Disapproved Costs for FY 1995** | **Date of Issue** |
| Lease Costs | 9/12/2000 |
| | |
| **Disapproved Costs for FY 1994** | **Date of Issue** |
| Pension Expense | 9/12/2000 |
| Multiple Small Items | 9/12/2000 |
| Lease Costs | 9/12/2000 |
| | |
| **Disapproved Costs for FY 1993** | **Date of Issue** |
| Multiple Small Items | 9/12/2000 |
| Pension Expense | 9/12/2000 |
| Lease Costs | 9/12/2000 |
| | |
| **Disapproved Costs for FY 1992** | **Date of Issue** |
| Multiple Small Items | 9/12/2000 |
| Pension Expense | 9/12/2000 |
| Lease Costs | 9/12/2000 |
| | |
| **Disapproved Costs for FY 1991** | **Date of Issue** |
| Lease Costs | 4/24/2000 |
| | |
| **Disapproved Costs for FY 1990** | **Date of Issue** |
| Lease Costs | 4/24/2000 |
| | |
| **Disapproved Costs for FY 1989** | **Date of Issue** |
| Lease Costs | 4/24/2000 |
| | |
| **Disapproved Costs for FY 1988** | **Date of Issue** |
| Lease Costs | 4/24/2000 |
| Multiple Small Items | 4/24/2000 |
| | |
| **Disapproved Costs for FY 1987** | **Date of Issue** |
| No Form 1 issued to Date | -- |
| | |
| **Disapproved Costs for FY 1986** | **Date of Issue** |
| No Form 1 issued to Date | -- |
| | |
| **Disapproved Costs for FY 1985** | **Date of Issue** |
| No Form 1 issued to Date | -- |
| | |