No. 04-481C
(Judge G. Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0290
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 30, 2004

Table of Contents

Page

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . . . . . . . . . . . 3

III. Statement Of Facts . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action . . . . . . . . . 7

II. This Court Lacks Jurisdiction to Entertain The Complaint Because ISN Failed To Submit A Claim Or Obtain A Final Decision Prior To Filing Its Complaint With This Court . . . . . . . . . . . . . . . 9

A. The Jurisdiction Of This Court Is Limited . . . . . . . . . . . . . . . . . . . . . 9

B. The Court Does Not Possess Jurisdiction To Entertain A Claim That A Contractor Has Not Presented To The Contracting Officer . . . . . . 10

C. ISN Failed To Submit A Valid CDA Claim To The Contracting Officer Before It Filed Its Complaint . . . . . . . . . 12

D. ISN Failed To Submit Any CDA Claim Concerning The Operative Facts Related To Counts III and IV Of Its Complaint To The Contracting Officer . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Table of Cases

Page

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . . 8

Aetna Casualty & Surety Co. v. United States,
228 Ct. Cl. 146, 151,
655 F.2d 1047, 1051 (1981) . . . . . . . . . . . . . . . . . 10

Alaska Pulp Corp. v. United States,
38 Fed. Cl. 141 (1997) . . . . . . . . . . . . . . . . . . . 11

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265 (1990) . . . . . . . . . . . . . . . . . . . . 7

Braughler Co., Inc. v. United States,
127 F.3d 1476 (Fed. Cir. 1997) . . . . . . . . . . . . . . . 11

Cerberonics, Inc. v. United States,
13 Cl. Ct. 415 (1987) . . . . . . . . . . . . . . . . . . . 16

Cosmic Constr. Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) . . . . . . . . . . . . . . . 9

Dawco Constr., Inc. v. United States,
930 F.2d 872 (Fed. Cir. 1991) . . . . . . . . . . . . . . . 10

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, aff'd, 758 F.2d 665
(Fed. Cir. 1984) (Table) . . . . . . . . . . . . . . . . . . 9

Earth Burners, Inc. v. United States,
43 Fed. Cl. 481 (1999) . . . . . . . . . . . . . . . . . . . 11

Eastport Steamship Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) . . . . . . . . . . . 10

ECC Int’l Corp. v. United States,
43 Fed. Cl. 359 (1999) . . . . . . . . . . . . . . . . . . . 17

Ex Parte McCardle,
74 U.S. (7 Wall.) 506 (1868) . . . . . . . . . . . . . . . . 8

Table of Cases (cont.)

Page

Farmers Grain Co. of Esmond v. United States,
29 Fed. Cl. 684 (1993) . . . . . . . . . . . . . . . . . . . 7

Fidelity Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir.),
cert. denied, 464 U.S. 826 (1983) . . . . . . . . . . . . . . 9

Fidelity and Deposit Company of Maryland
v. United States,
2 Cl. Ct. 137 (1983) . . . . . . . . . . . . . . . . . . . . 1

Gibbs v. Buck,
307 U.S. 66 (1939) . . . . . . . . . . . . . . . . . . . . . 8

Hamza v. United States,
31 Fed. Cl. 315 (1994) . . . . . . . . . . . . . . . . . . 14

Indian Corporation of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . . . . . . 1

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985),
cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . . . . . 8

Information Systems & Networks Corp.
v. United States,
17 Cl. Ct. 527 (1989) . . . . . . . . . . . . . . . . . . . 1

Information Systems & Networks Corp.
v. United States,
Fed. Cl. No. 98-663C (Senior Judge Futey) . . . . . . . . . 3

Information Systems & Networks Corp.
v. United States,
Fed. Cl. No. 04-385C (Senior Judge Futey) . . . . . . . . . 3

James M. Ellett Constr. Co. v. United States,
93 F.3d 1537 (Fed. Cir. 1996) . . . . . . . . . . . . . . 11

Johnson Controls World Servs., Inc.
v. United States,
43 Fed. Cl. 589 (1999) . . . . . . . . . . . . . . . . . . 17

Table of Cases (cont.)

Page

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . 9

Management Resource Assoc., Inc.,
ASBCA No. 49,620, 96-2 B.C.A.
¶ 28,588 (Oct. 4, 1996) . . . . . . . . . . . . . . . . . 12

Manual Brothers, Inc. v. United States,
55 Fed. Cl. 8 (2002) . . . . . . . . . . . . . . . . . . 16,18

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . 7

Orbas & Assoc. v. United States,
34 Fed. Cl. 68 (1995) . . . . . . . . . . . . . . . . . . 12

Pevar Co. v. United States,
32 Fed. Cl 822 (1995) . . . . . . . . . . . . . . . . . . 14

Reliance Ins. Co. v. United States,
931 F.2d 863 (Fed. Cir. 1991) . . . . . . . . . . . . . . 11

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 7

Sam Gray Enterprises v. United States,
32 Fed. Cl. 526 (1995) . . . . . . . . . . . . . . . . . . 14

Scan-Tech Security v. United States,
46 Fed. Cl. 326 (2000) . . . . . . . . . . . . . . . . . . 14

SMS Data Prod. Group, Inc. v. United States,
19 Cl. Ct. 612 (1990) . . . . . . . . . . . . . . . . . . 12

Thoen v. United States,
765 F.2d 1110 (Fed. Cir. 1985) . . . . . . . . . . . . . . 8

Thomson v. Gaskill,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . 7

Table of Cases (cont.)

Page

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983)
(en banc), cert. denied,
465 U.S. 1065 (1984) . . . . . . . . . . . . . . . . . . . 10

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . 9

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . 9

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . 9

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . 9-10

Witherington Constr. Corp. v. United States,
45 Fed. Cl. 208 (1999) . . . . . . . . . . . . . . . . . . 11

W.M. Schlosser Co.,
705 F.2d 1336 (Fed. Cir. 1983)),
overruled on other grounds by
Reflectone, Inc. v. Dalton,
60 F.3d 1572 (Fed. Cir. 1995) . . . . . . . . . . . . . 10-11

# Table of Authorities

Page

Statutes

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . 9

31 U.S.C. § 3901, et seq. . . . . . . . . . . . . . . . . . . . . 2

41 U.S.C. § 601, et seq. . . . . . . . . . . . . . . . . . . . . 3

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . . . 10

41 U.S.C. § 609(a) . . . . . . . . . . . . . . . . . . . . . . 16

Regulations

48 C.F.R. § 33.207 . . . . . . . . . . . . . . . . . . . . . 6,13

48 C.F.R. § 33.207(a) . . . . . . . . . . . . . . . . . . . . 13-14

48 C.F.R. § 33.207(f) . . . . . . . . . . . . . . . . . . . . 14

Misc.

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . 1

Index to Appendix

Page

Declaration of John H. Svensson, dated July 27, 2004 . . . . . . 1

ISN's June 27, 2002 claim for settlement of indirect cost rates; Prompt Payment Act interest; unpaid fees, retainages, and contract costs; and increased contract ceilings . . . . . . . . . . . . . . . . . . . 6

August 28, 2002 letter from the ACO to ISN . . . . . . . . . . 16

September 18, 2002 letter from the ACO to ISN . . . . . . . . . 18

September 19, 2002 electronic mail message from Charles Bonuccelli to the ACO . . . . . . . . . . . . . . . 20

October 25, 2002 letter from Charles Bonuccelli to the ACO . . . . . . . . . . . . . . . . . . . . . . . 22

November 19, 2002 letter from Charles Bonuccelli to the ACO . . . . . . . . . . . . . . . . . . . . . . . . 23

December 8, 2002 letter from the ACO to ISN . . . . . . . . . . 66

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-481C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss plaintiff's complaint for lack of jurisdiction. In support of this motion, we rely upon the complaint, the following brief, and documents set forth in the attached appendix.[1]

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Information Systems & Networks Corporation ("ISN") seeks declaratory and monetary judgments based upon both existing contracts with various Government agencies and contracts it contends should have been awarded to it, but were not. Count I

[1] In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the RCFC, the Court may consider evidentiary matters outside the pleadings. Indian Corporation of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Information Systems & Networks Corporation v. United States, 17 Cl. Ct. 527, 529 (1989); Fidelity and Deposit Company of Maryland v. United States, 2 Cl. Ct. 137, 145 (1983).

of the complaint asserts that ISN is entitled to fees and costs within contract ceilings on 23 Government contracts it held during its Fiscal Years 1985 to 1996. Complaint ¶¶ 14-18. Count II asserts that ISN is entitled to incurred costs exceeding the applicable contract ceilings on certain Government contracts because it was required to use interim indirect rates approved by the Government. Complaint ¶¶ 19-21.

In count III, ISN asserts it is entitled to alleged lost profit because it did not receive award of options or follow-on contracts on at least five Government contracts with various agencies because ISN did not have final indirect rates. Complaint ¶¶ 22-27. Count IV asserts that ISN is entitled to an amount for "unabsorbed overhead" from the contracts not awarded to it as alleged in count III. Complaint ¶¶ 28-32. According to ISN, this overhead was required to be absorbed by other ISN contracts, which resulted in diminished profit on those contracts. Id.

In count V, ISN seeks a declaratory judgment resolving five disputed indirect cost rate issues in its favor. Complaint ¶¶ 33-36. Count VI seeks interest pursuant to the Prompt Payment Act ("PPA"), 31 U.S.C. § 3901, et seq., and the Contract Disputes

Act ("CDA"), 41 U.S.C. § 601, et seq. Complaint ¶¶ 37-42.[2] Count VII seeks attorney's fees and expenses. Complaint ¶¶ 43-46.

## II. Issues Presented

1. Whether the Court possesses subject matter jurisdiction to consider counts I, II, V, VI, and VII of the complaint for failure to comply with the jurisdictional requirements of the CDA, where ISN presented a claim to the contracting officer, subsequently withdrew the claim, and never resubmitted a valid claim to the contracting officer or received a final decision, prior to filing its complaint in this Court

2. Whether the Court possesses subject matter jurisdiction to consider counts III and IV of the complaint for failure to satisfy the jurisdictional requirements of the CDA because ISN did not present to the contracting officer a claim related to the operative facts pertaining to those counts or obtain a contracting officer's final decision prior to filing its complaint in this Court.

## III. Statement Of Facts

By letter dated June 27, 2002, ISN Chief Financial Officer Charles Bonuccelli submitted to the Defense Contract Management

---

[2] ISN seeks an unspecified amount of damages for PPA interest. ISN is precluded from bringing its PPA claim here because the same general claim recently was litigated in Information Systems & Networks Corp. v. United States, Fed. Cl. No. 98-663C (Senior Judge Futey), and has been asserted by ISN in Information Systems & Networks Corp. v. United States, Fed. Cl. No. 04-385C (Senior Judge Futey).

Agency ("DCMA") what purported to be a certified CDA claim relevant to 23 different contracts. A 2, 6-15. The letter was received by the DCMA administrative contracting officer ("ACO" or "contracting officer") on or about July 1, 2002. A 2.

ISN's letter contained the following separate claims: (1) a claim for "adjusted indirect cost rates" concerning five categories of indirect costs; (2) a claim for "unpaid fees" on 17 of its contracts; (3) a claim for "retentions on invoices" on nine of its contracts; (4) a claim for "all contract costs below ceilings less previous payments"; (5) a request "to increase the Contract Cost Limitation" on 22 contracts; and (6) a claim for $515,576.52, plus $280,000.00 in interest, for "wrongful withholdings." A 8-11. The total amount demanded for all claims was $5,804,260. A 12.

Following receipt of the June 27, 2002 letter, the ACO discussed the background of the disputed indirect cost issues with Mr. Bonuccelli. A 2. On July 16, 2002, the ACO provided a list of ISN's open contracts to Mr. Bonuccelli. Id.

On August 28, 2002, the ACO sent a letter to Mr. Bonuccelli informing him that a contracting officer's final decision would not be issued within 60 days from his receipt of the claim, and that a decision would be issued by October 25, 2002. A 2-3, 16-17. In his letter, the ACO also requested supporting information

concerning the indirect cost rate portion of ISN's claim. A 16-17.

On September 18, 2002, the ACO again wrote to Mr. Bonuccelli seeking clarification of disputed indirect cost rate issues. A 3, 18-19. Mr. Bonuccelli responded to some of the ACO's concerns by electronic-mail the following day. A 3, 20-21.

In late September and early October of 2002, the ACO and Mr. Bonuccelli continued to discuss facts related to the disputed indirect cost rate issues. A 3. Mr. Bonuccelli agreed to withdraw the June 27, 2002 claim to allow the parties an opportunity to negotiate on the indirect cost rate issues. Id.

Mr. Bonuccelli submitted a letter withdrawing ISN's claim to the ACO on October 25, 2002. A 3, 22. Mr. Bonuccelli's letter mistakenly identified the date of the claim as July 16, 2002, instead of June 27, 2002. Id. On or about October 28, 2002, the ACO contacted Mr. Bonuccelli by telephone concerning the incorrect date set forth in his letter. A 3. Mr. Bonuccelli acknowledged his error during the telephone conversation. Id.

On November 19, 2002, Mr. Bonuccelli provided to the ACO a "revised list of contracts that are your administrative responsibility," and some additional information concerning the indirect cost issues being negotiated with the ACO. A 3, 23-65. Attached to the letter was a spreadsheet entitled "Revised Claim of Cost Overruns," containing a list of nine contracts. The

attachment contained a column entry entitled "Total Amount Due To ISN With Adjusted Cost and Interest," with a total amount of $2,545,195.48. A 26. The submission of November 19, 2002, did not contain any certification of the information or amounts presented with the letter. A 4, 23-65.

On December 8, 2002, the ACO responded to Bonuccelli's November 19, 2002 letter. A 4, 66. In his response, the ACO stated that the June 27, 2002 claim had been "officially withdrawn," and he would not consider the November 19, 2002 letter as a claim because it was not certified in accordance with section 33.207 of the Federal Acquisition Regulation ("FAR"). Id. The ACO suggested a meeting to set a schedule to try to resolve the disputed issues. Id. Shortly thereafter, the ACO and Mr. Bonuccelli met at the Defense Contract Audit Agency offices in Germantown, Maryland and commenced negotiations. A 4.

From December 2002 until June 2003, the ACO and Mr. Bonuccelli continued to negotiate the disputed indirect cost rate issues. A 4. In June 2003, before agreement was reached on all of the disputed issues, Mr. Bonuccelli informed the ACO that he no longer was allowed to negotiate a settlement of the indirect cost rates. Id. The claims contained in the June 27, 2002 letter, that was withdrawn in October 2002, never were resubmitted by ISN to the ACO. A 5.

## SUMMARY OF THE ARGUMENT

ISN has failed to satisfy procedural requirements of the CDA. Compliance with the CDA requirements is a jurisdictional prerequisite to filing an action in this Court. Counts I, II, V, VI, and VII of ISN's complaint should be dismissed for lack of jurisdiction because ISN failed to submit a valid CDA claim to the ACO and receive a final decision on that claim, after ISN withdrew its claim dated June 27, 2002. Additionally, counts III and IV of the complaint should be dismissed for lack of jurisdiction because they were not included in the June 27, 2002 claim, and have not been included in any other claim presented to the contracting officer for a final decision.

## ARGUMENT

### I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action

Plaintiff bears the burden of establishing by preponderant evidence that the Court possesses jurisdiction to entertain this suit. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988); American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United

States, 29 Fed. Cl. 684, 686 (1993) (where motion "challenges the truth of the jurisdictional facts alleged in the complaint . . . the court may consider relevant evidence in order to resolve the factual dispute").

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868); Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). As we establish below, ISN has failed to meet its burden concerning CDA jurisdiction for this Court to consider the requests for money damages, declaratory relief, and interest that are contained in ISN's complaint. Accordingly, this Court should dismiss the complaint for lack of subject matter jurisdiction.

## II. This Court Lacks Jurisdiction To Entertain The Complaint Because ISN Failed To Submit A Claim Or Obtain A Final Decision Prior To Filing Its Complaint With This Court

### A. The Jurisdiction Of This Court Is Limited

Like its predecessor, the United States Court of Claims, the Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(Table). Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

A waiver of sovereign immunity, and thus consent to be sued, must be expressed unequivocally and cannot be implied. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." Fidelity Constr. Co. v. United States,

700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

B. The Court Does Not Possess Jurisdiction To Entertain A Claim That A Contractor Has Not Presented To The Contracting Officer

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). The Tucker Act does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). It merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984).

When the substantive right alleged by the complaint is a contract claim, the threshold question is whether the contract is subject to the CDA. ISN does not dispute that its claim is subject to the CDA. Compl. ¶ 7. When the CDA is applicable, "its requirements are mandatory and are jurisdictional prerequisites." Dawco Constr., Inc. v. United States, 930 F.2d 872, 877 (Fed. Cir. 1991) (citing W.M. Schlosser Co., 705 F.2d 1336, 1338-39 (Fed. Cir. 1983)), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995).

The CDA expressly requires that "all claims by a contractor against the government . . . shall be in writing and shall be submitted to the contracting officer for decision." 41 U.S.C. § 605(a). Compliance with this provision is a jurisdictional prerequisite to the filing of a complaint in this Court. Braughler Co., Inc. v. United States, 127 F.3d 1476, 1480 (Fed. Cir. 1997); W.M. Schlosser Co., 705 F.2d at 1338-39. Thus, for the Court to possess jurisdiction pursuant to the CDA, there must be a valid claim presented to the contracting officer for a decision. James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996).

The Court and its predecessor repeatedly have dismissed claims because a contractor did not present its claim to the contracting officer in accordance with the requirements of the CDA. See, e.g., Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991) (no jurisdiction to entertain bad faith claim not presented to the contracting officer); Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208, 212 (1999) (no jurisdiction to entertain termination claim not made prior to suit); Earth Burners, Inc. v. United States, 43 Fed. Cl. 481, 489 (1999) (no jurisdiction to consider challenge to equitable adjustment award because contractor never submitted a termination settlement proposal); Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 145-46 (1997) (dismissing claim seeking determination of

rights under a land patent); Orbas & Assoc. v. United States, 34 Fed. Cl. 68, 70-71 (1995) (claim in litigation dismissed because different from claim submitted to contracting officer); SMS Data Prod. Group, Inc. v. United States, 19 Cl. Ct. 612, 616 (1990) (dismissing lost profits claim not presented to the contracting officer).

C. ISN Failed To Submit A Valid CDA Claim To The Contracting Officer Before It Filed Its Complaint

As discussed above, ISN submitted a written claim that was received by the ACO on or about July 1, 2002. A 2, 6-15. However, ISN withdrew that claim on October 25, 2002, to allow the parties an opportunity to negotiate an agreement upon a key part of the claim, i.e., the disputed indirect cost rate issues. A 3, 22.

Once ISN withdrew its claim, it was incumbent upon it to resubmit its claim, if it desired a final decision from the contracting officer. See, e.g., Management Resource Assoc., Inc., ASBCA No. 49,620, 96-2 B.C.A. ¶ 28,588 at 142,736 (Oct. 4, 1996) ("As appellant withdrew its 1 June 1990 claim and no subsequent claim has been submitted to the contracting officer for decision, we are without jurisdiction to decide this appeal"). While ISN's October 25, 2002 letter withdrawing the claim stated that ISN intended to resubmit its "claim with the contracts and amounts as per our discussions over the last

month," A 22, this statement did not serve to preserve any rights under the original claim.

ISN never resubmitted a valid claim to the ACO. ISN submitted to the ACO a letter dated November 19, 2002, which contained a "revised list of contracts that are your administrative responsibility," and some additional information concerning the indirect cost issues being negotiated with the ACO. A 3, 23-65. The letter also included a spreadsheet entitled "Revised Claim of Cost Overruns," with a total amount listed of $2,545,195.48. A 25-26.

In response to ISN's November 19, 2002 letter, the ACO promptly informed ISN by letter dated December 8, 2002, that ISN's November 19, 2002 letter "can not [sic] be treated as a new claim because it does not contain the certification required by FAR 33.207." A 66. Consistent with the ACO's position that the November 19, 2002 letter was not a properly certified revised claim is the fact that, subsequent to Mr. Bonuccelli's letter, the parties continued for the next several months to negotiate the issues involved. A 4. These negotiations continued until the ACO was informed in June 2003 that Mr. Bonuccelli no longer was allowed to continue negotiations. A 4-5.

Section 33.207(a) of the FAR implements the requirement of the CDA that

> For claims of more than $100,000, the contractor shall certify that the claim is

> made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1)(1995); 48 C.F.R. § 33.207(a).

While the FAR provides that a defective certification may be corrected, 48 C.F.R. § 33.207(f), it does not provide for the acceptance of a claim above $100,000 without any certification. As noted by this Court in Hamza v. United States, 31 Fed. Cl. 315 (1994), "[w]hile the issue of correction of a defective certification under § 605(c)(6) of the CDA is nonjurisdictional, the total lack of any certification, in the first instance, remains a jurisdictional [bar]." 31 Fed. Cl. at 324 (emphasis added); see Scan-Tech Security v. United States, 46 Fed. Cl. 326, 340 (2000) (same); Pevar Co. v. United States, 32 Fed. Cl 822, 825 (1995) ("Absent any certification, this court does not have jurisdiction over plaintiff's claim") (citing Sam Gray Enterprises v. United States, 32 Fed. Cl. 526, 528 (1995); Hamza, 31 Fed. Cl. at 324).

Here, ISN's letter of November 19, 2002 lacked any certification. A 23-65. In response to the November 19, 2002 correspondence, the ACO informed ISN that, for the correspondence to be considered a valid claim, ISN needed to provide certification and, because certification was lacking, he did not

consider ISN's letter to be a valid claim. A 4, 66. Because ISN failed to submit a valid claim to the contracting officer and thereby failed to obtain a contracting officer's final decision, counts I, II, V, VI, and VII of ISN's complaint should be dismissed for lack of jurisdiction.

D. ISN Failed To Submit Any CDA Claim Concerning The Operative Facts Related To Counts III and IV Of Its Complaint To The Contracting Officer

Counts III and IV of ISN's complaint differ from the claims set forth in counts I, II, V, VI, and VII, in that they were not included in the June 27, 2002 letter that was submitted to the ACO and subsequently withdrawn. Indeed, they never have been the subject of any claim submitted to the contracting officer. Accordingly, dismissal of counts III and IV likewise is appropriate.

Count III of the complaint alleges that at least five of the 23 contracts identified in Exhibit A to the complaint "contained options or follow-ons which the defendant did not exercise in favor of ISN because of ISN not having final indirect rates." Complaint ¶ 23. ISN asserts that it lost "at least $5,000,000 of profit" because it did not receive these options or additional contracts. Complaint ¶ 25.

Count IV of the complaint alleges that the follow-on contracts "which were not awarded to ISN as set forth in Count III . . . would have absorbed a certain amount of ISN's

overhead in the performance of these contracts." Complaint ¶ 29. Therefore, according to ISN, the "unabsorbed overhead" from the lack of these contracts had "to be absorbed by other ISN contracts, thereby reducing the profit margin on" the other contracts. Complaint ¶ 30. ISN asserts that it lost "in excess of $1,000,000" because of this "unabsorbed overhead." Complaint ¶ 31.

As established above, it is a jurisdictional prerequisite under the CDA that a contractor submit a valid claim to the contracting officer for a final decision prior to commencing suit in this Court. ISN has failed to meet this jurisdictional prerequisite with regard to counts III and IV.

ISN cannot successfully argue that counts III and IV somehow are covered by the claim initially submitted on June 27, 2002. An action brought in this Court pursuant to 41 U.S.C. § 609(a) "must be based on the same claim previously presented to and denied by the contracting officer." Cerberonics, Inc. v. United States, 13 Cl. Ct. 415, 417 (1987). The claims encompassed in counts III and IV of the complaint are in no way the same claims presented to the ACO in the June 27, 2002 claim letter.

As noted by the Court in Manual Brothers, Inc. v. United States, 55 Fed. Cl. 8, 33 (2002), when confronted with a challenge to the jurisdiction of this Court over a claim submitted to a contracting officer,

> the court should consider whether the claim is based on the same common or related set of operative facts brought before the CO, the legal theory underlying the claim remains the same as presented to the CO, and the complaint requests the same relief as requested from the CO.

Counts III and IV of the complaint fail to meet any of the three factors identified by the Court.

Both counts III and IV are based upon allegations that the Government failed to award new contracts to ISN. Complaint ¶¶ 24, 29. Indeed, count IV alleges that the Government's failure to award these contracts somehow resulted in "unabsorbed overhead" that led to diminished profit on the contracts ISN had been awarded. Complaint ¶ 30. These allegations present new operative facts that were never presented to a contracting officer and, therefore, preclude this Court from exercising jurisdiction to consider them. ECC Int'l Corp. v. United States, 43 Fed. Cl. 359, 367 n. 6 (1999) ("Plaintiff's claim relies on facts . . . that were never presented to the contracting officer and never addressed in a final decision").

In addition, counts III and IV are based upon new legal theories that were not raised in any claim submitted to a contracting officer. Indeed, none of the issues raised in ISN's June 27, 2002 letter concerned a failure to award contracts or the allocation of unabsorbed overhead. Because the underlying legal theories of Counts III and IV are distinct from any claims

presented to the contracting officer, they should be dismissed. Johnson Controls World Servs., Inc. v. United States, 43 Fed. Cl. 589, 595 (1999).

Finally, the relief requested in counts III and IV is separate and apart from any relief requested by ISN in its June 27, 2002 letter. According to ISN's June 27, 2002 letter, "ISN's claim totals $4,951,996.01 without interest." A 11. The demand for judgment set forth in ISN's complaint seeks: $2,697,000 on Count I ("for unpaid contract fee and amounts due within contract ceilings"); $2,500,000 on Count II ("for ISN's costs over contract ceiling"); $5,000,000 on Count III ("for ISN's loss of profit"); and $1,000,000 on Count IV ("for loss of unabsorbed overhead") - for a total claim of $11,197,000, exclusive of any interest claim. Clearly, the relief requested in the complaint, more than twice that sought in the administrative claim, is not "the same relief as requested from the CO." Manual Brothers, 55 Fed. Cl. at 33.

ISN never submitted to a contracting officer for a final decision any claim setting forth the relief sought in counts III and IV of ISN's complaint. As such, this Court lacks jurisdiction to consider counts III and IV of ISN's complaint.

CONCLUSION

For these reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 30, 2004

CERTIFICATE OF FILING

I hereby certify that on July 30, 2004, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS," "APPENDIX Volume No. One, DEFENDANT'S MOTION TO DISMISS," "APPENDIX Volume No. Two, DEFENDANT'S MOTION TO DISMISS," and "APPENDIX Volume No. Three, DEFENDANT'S MOTION TO DISMISS" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON